**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
**The Honorable Michael E. Romero**

| | |
|---|---|
| In re:<br><br>Ricardo Socorro Ortega<br><br>Debtor. | Case No. 26-15320 MER<br><br>Chapter 13 |
| Ricardo Socorro Ortega<br><br>Plaintiff,<br><br>v.<br><br>Cross Country Mortgage, LLC, The Denver Public Trustee, Denver Water, and Xcel Energy<br><br>Defendants. | Adversary No. 26-01246 MER |

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

THIS MATTER comes before the Court on the Emergency Motion for Temporary Restraining Order and Preliminary Injunction ("**Motion**") filed by the Debtor/Plaintiff Ricardo Ortega ("**Ortega**").[1]

Ortega filed the underlying bankruptcy case on July 22, 2026. On July 23, 2026, Ortega filed a motion to extend the automatic stay ("**Stay Motion**"). On August 11, 2026, the Court entered an order on the Stay Motion ("**Stay Order**") and incorporates such order herein. In the order, the Court found that Ortega had two bankruptcy cases that were pending in the year prior to the filing of the instant case.[2] As such, the automatic stay did not go into effect upon the filing of the underlying case.[3] The Court then imposed the automatic stay as to all creditors as of the date of the Stay Order.

---

[1] ECF No. 3

[2] Bankr. Case No. 26-15320-MER, ECF No. 20. Case No. 25-17623-MER, which was dismissed on January 21, 2026, and Case No. 26-11486-MER, which was dismissed on May 21, 2026.

[3] 11 U.S.C. § 362(c)(4)(A)-(B).

Ortega filed the instant Motion on September 23, 2026.[4] In the Motion, Ortega asserts the Denver Public Trustee (the "**DPT**") conducted a foreclosure sale of Ortega's property located at 6764 E. Exposition Avenue, Denver, Colorado 80224 (the "**Property**") despite having received notice of the underlying bankruptcy case.[5] Ortega asserts the foreclosure sale was done in violation of the automatic stay, and therefore requests the Court void the sale and enjoin transfer of title to the Property, eviction proceedings, and utility shutoffs until the instant adversary proceeding is resolved.

The test to obtain a temporary restraining order is the same as the one to obtain a preliminary injunction.[6] In both instances a movant must show: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest.[7] "Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal."[8] "The likelihood-of-success and irreparable-harm factors are the most critical in the analysis."[9] An injunction may only be issued if all four factors are established.[10]

Ortega argues he is likely to succeed on the merits because the foreclosure sale was conducted after he filed the instant bankruptcy case and the DPT received notice of his bankruptcy filing. As such, the sale violated the automatic stay. The Court does not agree. As the Court already explained in the Stay Order, the automatic stay pursuant to 11 U.S.C. § 362(a) did not go into effect when Ortega filed the underlying bankruptcy case because he had two cases pending within the one year prior to the filing of the instant case. According to the documents Ortega attached to the Motion, the sale of the Property occurred on July 23, 2026.[11] The automatic stay wasn't in effect until the Stay

---

[4] It is unclear whether Ortega served the Motion on any of the Defendants because he did not include a certificate of service with the Motion. While the Court does not believe service is relevant for this Motion, Ortega must serve any future pleadings and motions on the Defendants, and must include a certificate of service showing the Defendants were served. Failure to serve future motions and provide proof of service may result in the Court denying future motions without further notice to Ortega.

[5] Ortega also includes a summary of arguments on page 22 of the documents submitted with the Motion. These arguments include the ones made in the Motion, as well as others not made in the Motion regarding the disqualification of Chapter 13 Trustee Doug Kiel and requests for 2004 Exams. The Court will not consider these additional arguments because they were not made in the Motion itself. The Debtor may file motions for these additional requests if he wishes to do so.

[6] *Stuber v. Lucky's Auto Credit, LLC*, 47 F.Supp.3d 1205, 1208 (D. Utah 2020).

[7] *Browne v. City of Grand Junction, Colorado*, 27 F.Supp.3d 1161, 1165 (D. Colo. 2014) (citing *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009)).

[8] *Greater Yellowstone Coalition v. Flowers*, 321 F.3d 1250, 1255 (10th Cir. 2003).

[9] *ETP Rio Rancho Park, LLC v. Grisham*, 517 F.Supp.3d 1177, 1214 (D.N.M. 2021) (citing *Nken v. Holder*, 556 U.S. 418, 434, 129 S.Ct. 1749, 173 L.Ed.2d 550 (2009)).

[10] *Black Emergency Response Team v. Drummond*, 2026 WL 2654160, at *6 (10th Cir. Sep. 9, 2026).

[11] ECF No. 3 at 30, Foreclosure Details for Public Trustee No. 2025-000363.

Order entered on August 11, 2026. As such, the sale did not violate the automatic stay and cannot be voided for that reason. Ortega offers no other arguments as to why the sale was improper and should be voided. Therefore, Ortega has not shown he is likely to succeed on the merits. Because Ortega cannot satisfy the first factor of the test, the Court concludes it need not address the remaining factors.

As to Ortega's request that the Defendants be enjoined from transferring title to the Property, initiating eviction proceedings, and/or utility shutoffs; Ortega provides no documents or facts regarding when/if these events have already occurred. For that reason alone, an injunction is inappropriate. To the extent any of these events occurred prior to the Stay Order, they did not violate the automatic stay because it was not in effect at the time. To the extent these events haven't yet taken place, the Court finds it need not enter a temporary restraining order or injunction because the automatic stay is now in effect and already stays those activities unless and/or until it is lifted upon motion from the creditor, to which Ortega would have the opportunity to respond to, or is considered a ministerial event as provided by the Bankruptcy Code. Therefore, the Court

ORDERS the Motion is DENIED.

Dated September 25, 2026

BY THE COURT:

Michael E. Romero, Judge
United States Bankruptcy Court