**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
**The Honorable Michael E. Romero**

| | |
|---|---|
| In re:<br><br>Ricardo Socorro Ortega<br><br>Debtor. | Case No. 26-15320 MER<br><br>Chapter 13 |
| Ricardo Socorro Ortega<br><br>Plaintiff,<br><br>v.<br><br>Cross Country Mortgage, LLC, The Denver Public Trustee, Denver Water, and Xcel Energy<br><br>Defendants. | Adversary No. 26-01246 MER |

## ORDER DENYING MOTION TO RECONSIDER

THIS MATTER comes before the Court on the Fortified Motion for Reconsideration of Order Denying Temporary Restraining Order and Preliminary Injunction (Adv. Doc. 4), pursuant to Fed. R. Civ. P. 59(e) and Fed. R. Bankr. P. 9023 ("**Motion**") filed by the Plaintiff Ricardo Ortega ("**Ortega**").[1]

## BACKGROUND

Ortega filed the underlying bankruptcy case on July 22, 2026.[2] On July 23, 2026, Ortega filed a motion to extend the automatic stay (the "**Stay Motion**"). On August 11, 2026, the Court entered an Order finding the automatic stay had not gone into effect when the instant case was filed because Ortega had two bankruptcy cases pending within the year prior to the filing of the instant case.[3] The Court then imposed the automatic stay upon all creditors as of August 11, 2026 (the "**Stay Order**").

[1] ECF No. 6.

[2] Case No. 26-15320 MER.

[3] Case No. 25-17623-MER, which was dismissed on January 21, 2026, and Case No. 26-11486, which was dismissed on May 21, 2026.

Ortega filed the instant adversary proceeding on September 23, 2026, along with a motion for a temporary restraining order and preliminary injunction (the "**TRO Motion**"). In the TRO Motion, Ortega asserted Defendants Cross Country Mortgage, LLC and the Denver Public Trustee violated the automatic stay by foreclosing on property known as 6764 E. Exposition Avenue, Denver, Colorado 80224 (the "**Property**"). Ortega further contended the sale of the Property is void, and asked the Court to enjoin eviction proceedings, as well as utility shutoffs. The Court entered its order denying the TRO Motion on September 25, 2026 (the "**TRO Order**") and incorporates such order herein. In the TRO Order, the Court found that the sale of the Property occurred on July 23, 2026, before the automatic stay took effect. As such, the sale did not violate the automatic stay and is not void.[4] Ortega now asks the Court to reconsider the TRO Order.

**ANLAYSIS**

Motions to reconsider brought within fourteen days after entry of an order are governed by Fed. R. Civ. P. 59(e) (incorporated by Fed. R. Bankr. P. 9023) while motions brought outside of fourteen days are governed by Rule 60 (incorporated by Fed. R. Bankr. P. 9024).[5] Ortega filed the instant Motion five days after the Court entered the TRO Order, so Rule 59(e) is the applicable rule. "There are three major grounds that justify reconsideration under Fed. R. Civ. P. 59(e): (1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice."[6] A motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.[7] "It is not appropriate to revisit issues already addressed or to advance arguments that could have been raised in prior briefing."[8]

Ortega has not shown he is entitled to reconsideration of the TRO Order. Indeed, Ortega does not argue the Court misapprehended the facts, or even that the Court erred in finding the sale of the Property did not violate the automatic stay.[9] Instead, Ortega asserts the sale was not conducted properly in accordance with

---

[4] The Court also found imposing a temporary restraining order or preliminary injunction on any future eviction proceedings or utility shutoffs was unnecessary given the automatic stay was imposed as to all creditors as of August 11, 2026, thus staying those activities.

[5] *Perry et. al v. Judge (In re Judge)*, 621 B.R. 34, 40 (Bankr. D. Colo. 2020). Any use of the term "Rule" hereafter means the Federal Rules of Civil Procedure unless expressly stated otherwise.

[6] *Uballe v. Watson (In re Watson)*, 2026 WL 2448725, at *3 (Bankr. D. Colo. Aug. 20, 2026) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

[7] *Servants of the Paraclete*, 204 F.3d at 1012.

[8] *Id.* (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)).

[9] ECF No. 6, ¶2 ("Plaintiff does not seek to relitigate whether the sale violated the automatic stay under § 362(c)(4), but rather attacks the structural validity of the foreclosure sale itself under independent state law statutory grounds."

Colorado foreclosure law.[10] Given the Property has already been sold, it is no longer part of Ortega's bankruptcy estate, and the Court no longer has jurisdiction over it.[11] Accordingly, any arguments about whether the sale was properly conducted must be addressed in state court. Therefore, the Court

ORDERS that the Motion is DENIED.

Dated October 26, 2026

BY THE COURT:

Michael E. Romero, Judge
United States Bankruptcy Court

[10] Ortega also argues the sale should be avoided pursuant to 11 U.S.C. §§ 544 & 549. Ortega converted his Chapter 13 case to a Chapter 7 on September 30, 2026. As such, any avoidance actions belong to the Chapter 7 Trustee, not Ortega.

[11] *In re Crowder*, 314 B.R. 445, 448 (10th Cir. BAP 2004) ("As to jurisdiction, property interests of the bankruptcy estate are within the exclusive jurisdiction of the bankruptcy court; but the court's jurisdiction typically lapses when property leaves the estate . . .").